IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-338-D
No. 5:14-CV-845-D

| | |
|---|---|
| DEVON LAMAR MARION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On November 19, 2014, Devon Lamar Marion ("Marion") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 168-month sentence [D.E. 88]. On December 1, 2014, Marion filed an amended motion under section 2255 [D.E. 92]. On February 10, 2015, the government moved to dismiss Marion's section 2255 motion [D.E. 94] and filed a memorandum in support [D.E. 95]. On March 6, 2015, Marion filed a motion to submit additional evidence [D.E. 98]. As explained below, the court grants the government's motion to dismiss, dismisses Marion's section 2255 motion, and denies Marion's motion to submit additional evidence.

I.

On August 22, 2012, Marion pleaded guilty to possession with the intent to distribute more than 28 grams of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (count one); (2) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (count two); and (3) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (count three). See [D.E. 60].

On January 28, 2013, at Marion's sentencing hearing, the court calculated Marion's advisory guideline range on count one to be 108 to 135 months' imprisonment, on count three to be 108 to 120 months' imprisonment, and on count two to be 60 months' imprisonment consecutive to the sentence on counts one and three. See Sentencing Tr. [D.E. 82] 31–32. After considering counsel's arguments, Marion's statement, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Marion to 108 months' imprisonment on counts one and three, to be served concurrently, and 60 months' imprisonment on count two to be served consecutively. See id. 32–42; [D.E. 72].

Marion timely appealed. See [D.E. 74]. On December 4, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Marion's conviction and sentence. See United States v. Marion, 547 F. App'x 283, 289 (4th Cir. 2013) (per curiam) (unpublished). Specifically, the Fourth Circuit rejected Marion's challenge to: (1) this court's denial of Marion's motion to suppress evidence recovered pursuant to a search warrant; (2) this court's denial of a hearing under Franks v. Delaware, 438 U.S. 154 (1978); and (3) his sentence. See Marion, 547 F. App'x at 284–89. Marion did not petition the Supreme Court of the United States for a writ of certiorari. Thus, his conviction became final on March 4, 2014, when the time to do so expired. See, e.g., Clay v. United States, 537 U.S. 522, 525, 532 (2003); S. Ct. R. 13.

On November 19, 2014, Marion filed his section 2255 motion. See [D.E. 88]. Marion makes six claims: (1) that the indictment failed to allege a drug crime; (2) ineffective assistance of counsel for failing to challenge the indictment as defective; (3) ineffective assistance of counsel based upon the "late" date that Marion's counsel was appointed; (4) ineffective assistance of counsel based on an alleged but unspecified conflict of interest; (5) that his sentence violated Alleyne v. United States, 133 S. Ct. 2151 (2013), because the court made findings of fact at sentencing concerning Marion's prior convictions and drug weight; and (6) ineffective assistance of counsel for failing to challenge

2

at sentencing the conversion of money into drugs in determining Marion's base offense level. See [D.E. 88] 1–21.

On February 10, 2015, the government moved to dismiss Marion's section 2255 motion [D.E. 94] and filed a memorandum in support [D.E. 95]. On March 3, 2015, Marion replied. See [D.E. 97]. In the reply, Marion requested an evidentiary hearing and argued that his counsel was ineffective for failing to investigate the facts and that his guilty plea was not knowing. See id.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in

3

light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been

4

different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

At Marion's Rule 11 hearing, Marion stated under oath that he had consulted with his counsel about the charges to which he was pleading guilty, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. [D.E. 83] 3–4, 10–11. Marion also swore that he understood the charges to which he was pleading guilty and understood the maximum penalties provided for those charges. See id. 5–8. Marion also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 8–9. Marion also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 9–13.

At the end of his Rule 11 hearing, Marion pleaded guilty to counts one, two, and three, and the government provided a factual basis for the guilty plea. See id. 13–15. The court then accepted Marion's guilty plea. See id. 15–16.

As for Marion's first claim in his section 2255 motion that the indictment was defective, Marion failed to make this claim on direct appeal. See Marion, 547 F. App'x at 284. Thus, the general rule of procedural default bars Marion from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614,

5

621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Marion has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 167–68 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Thus, Marion's first claim fails.

To the extent that Marion uses his second claim to try to save his first claim by asserting ineffective assistance for failing to attack the indictment as defective, the court rejects the argument. The indictment sufficiently alleged the charge in count one. See, e.g., Fed. R. Crim. P. 7(c)(1); 21 U.S.C. § 841(a)(1); United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999); Indictment [D.E. 1] 1. Thus, Marion has not plausibly alleged deficient performance or prejudice, and his second claim fails. See, e.g., Strickland, 466 U.S. at 687–91, 696–700.

As for Marion's claim of ineffective assistance of counsel based upon the "late" date that the court appointed Marion's counsel, the claim fails because the court appointed Marion's counsel on the day of Marion's initial appearance. See [D.E. 8]. Counsel filed her notice of appearance shortly after the initial appearance and two days before Marion's detention hearing. See [D.E. 10, 13]. Furthermore, Marion's retained counsel filed a notice of appearance on December 5, 2011, [D.E. 21], and the court permitted Marion's appointed counsel to withdraw. See [D.E. 23, 24]. Retained counsel then vigorously represented Marion through his guilty plea and sentencing. Thus, in light of the record, Marion has failed to plausibly allege a Sixth Amendment violation. See, e.g., United States v. Cronic, 466 U.S. 648, 658–67 (1984).

As for Marion's conflict-of-interest claim, Marion has not plausibly alleged any conflict of interest or how that alleged conflict impacted counsel's performance. See, e.g., Iqbal, 556 U.S. at

677–78; Cuyler v. Sullivan, 446 U.S. 335, 345–50 (1980). Thus, the claim fails.

As for Marion's claim that his sentence violates Alleyne because the court made certain findings of fact concerning drug weight and his prior convictions at sentencing, Alleyne announced a purely procedural rule that does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Thus, the claim fails.

Alternatively, even if Alleyne applied retroactively, Marion would get no relief. In Alleyne, the Supreme Court held that any fact (other than a prior conviction) supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155, 2160–61. The charges to which Marion pleaded guilty complied with Alleyne. See Indictment. Moreover, Marion knowingly and voluntarily waived his right to a jury determination of the facts concerning drug weight in count one by pleading guilty, and Marion's guilty plea satisfied the government's burden of proof. See, e.g., United States v. Booker, 543 U.S. 220, 244 (2005). Furthermore, Alleyne does not impact a court's ability to apply the advisory guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per

7

curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013).

As for Marion's Alleyne claim concerning his prior convictions, Alleyne does not impact a court's ability to consider a prior conviction for purposes of a recidivism enhancement. See Alleyne, 133 S. Ct. at 2160 n.1; see also James v. United States, 550 U.S. 192, 214 n.8 (2007); Cunningham v. California, 549 U.S. 270, 282 (2007); Almendarez-Torres v. United States, 523 U.S. 224, 239–48 (1998). Furthermore, Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning prior convictions. See, e.g., Alleyne, 133 S. Ct. at 2163; Benn, 572 F. App'x at 179–80 & n.4; Ramirez-Negron, 751 F.3d at 48–49; Gibbs, 547 F. App'x at 185 n.4; Johnson, 732 F.3d at 583–84; Claybrooks, 729 F.3d at 707–08. Accordingly, Marion's sentence does not violate Alleyne.

As for Marion's claim that his defense counsel provided ineffective assistance by failing to object to the conversion of cash into drug weight, counsel did make that objection in the PSR, [D.E. 67] 15, her sentencing memorandum, [D.E. 69] 2–3, and at the sentencing hearing. See Sentencing Tr. 6, 27–28. The court, however, properly overruled the objection and converted the money into drug weight. See Marion, 547 F. App'x at 288–89. Given that Marion made and lost this same argument on direct appeal, he cannot use section 2255 to recharacterize and relitigate the claim. See, e.g., Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Accordingly, Marion's claim fails.

As for Marion's claim in his reply brief that his guilty plea was not knowing, voluntary, and intelligent, the Rule 11 transcript and his plea agreement belie Marion's claim that his guilty plea was not knowing, voluntary, and intelligent. Moreover, the court complied with Rule 11 of the

8

Federal Rules of Criminal Procedure before accepting Marion's guilty plea, see Rule 11 Tr. 2–16, and Marion is bound by the sworn admissions that he made before pleading guilty. See Blackledge, 431 U.S. at 73–74; United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, the court rejects Marion's claim that his guilty plea was not knowing, voluntary, and intelligent.

After reviewing the claims presented in Marion's motion, the court finds that reasonable jurists would not find the court's treatment of any of Marion's claims decided in this order debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 94], DISMISSES Marion's section 2255 motion [D.E. 88, 92], DENIES Marion's motion to submit additional evidence [D.E. 98], and DENIES a certificate of appealability.

SO ORDERED. This 16 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge