IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-338-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEVON LAMAR MARION, | ) | |
| | ) | |
| Defendant. | ) | |

On August 22, 2012, without a written plea agreement, Devon Lamar Marion ("Marion") pleaded guilty to possession with the intent to distribute more than 28 grams of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana (count one), possession of a firearm in furtherance of a drug trafficking offense (count two), and being a felon in possession of a firearm (count three). See [D.E. 60, 83]. On January 28, 2013, the court held Marion's sentencing hearing. See [D.E. 70, 72, 82]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Marion's total offense level to be 29, his criminal history category to be III, and his advisory guideline range on count one to be 108 to 135 months' imprisonment, on count two to be 60 months' consecutive imprisonment, and on count three to be 108 to 120 months' concurrent imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Marion to 108 months' imprisonment on count one, 60 months' consecutive imprisonment on count two, and 108 months' concurrent imprisonment on count three. See id.; [D.E. 72, 82]. Marion appealed. On December 4, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Marion, 547 F. App'x 283, 284–89 (4th Cir. 2013) (unpublished) (per curiam).

On November 4, 2015, Marion moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 103]. Marion's new advisory guideline range on count one is 87 to 108 months' imprisonment, based on a total offense level of 27 and a criminal history category of III. See Resentencing Report. Marion requests an 87-month sentence on count one. See id.; [D.E. 103].

The court has discretion under Amendment 782 to reduce Marion's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Marion's sentence, the court finds that Marion engaged in serious criminal behavior involving illegal narcotics and a firearm. See PSR ¶¶ 6–10. Furthermore, Marion is a recidivist and has convictions for possession of marijuana and indecent liberties with a child. See id. ¶¶ 12–13. Moreover, Marion has performed poorly on supervision and has a spotty work history. See id. ¶¶ 13, 15, 30–36. Nonetheless, Marion has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Marion received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

2

§ 3553(a). Further reducing Marion's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Marion's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Marion's motion for reduction of sentence [D.E. 103].

SO ORDERED. This 19 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge